UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICROBANC, LLC, and TODD SPENLA,

      Plaintiffs,

  -v-                                   No.  16 CV 3860-LTS

INSPIREMD, INC.,

      Defendant.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiffs Microbanc, LLC ("Microbanc"), and Todd Spenla (together with Microbanc, "Plaintiffs"), brought this case asserting common-law contract and fraud causes of action against Defendant InspireMD, Inc. ("InspireMD"), in the Supreme Court of the State of New York, from which InspireMD removed the case to this Court.  (Docket entry no. 1 (Notice of Removal) & Ex. A (Summons and Verified Complaint ("Compl.")).)  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

InspireMD now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state a claim.  The Court has considered the parties' submissions in connection with the instant motion carefully and, for the following reasons, InspireMD's motion to dismiss is granted.

## BACKGROUND

The following recitation of facts is drawn from the Complaint, the well-pleaded factual content of which is taken as true for purposes of this motion to dismiss, as well as from

the contracts between the parties upon which two of Plaintiffs' claims are based, as the contracts are either attached to, or explicitly referenced in, the Complaint, and are therefore incorporated by reference.[1]

Microbanc is an investment banking group specializing in introducing potential investors to start-up companies seeking to raise capital. (Compl. ¶ 7.) Microbanc has assigned its rights to pursue any and all of its claims and causes of action to Spenla, who is a managing member of Microbanc. (Id. ¶ 9.) InspireMD is a medical device manufacturer that was developing proprietary stent system technology. (Id. ¶ 8.)

On May 7, 2008, Microbanc and InspireMD entered into a Financial Advisory & Management Consulting Agreement (the "Consulting Agreement") by which InspireMD retained Microbanc "to render financial advisory and management consulting services" and to provide InspireMD access to investments arranged by Microbanc.[2] (Compl. ¶ 10; docket entry no. 9, Declaration of Jonathan D. Pressment, Esq. ("Pressment Decl."), Ex. B (Consulting Agreement), ¶ 1.) The Consulting Agreement specified that it was a "non-exclusive agreement for a period of 6 months." (Consulting Agreement ¶ 2.) It also provided that, if InspireMD were funded by any "Sources" introduced by Microbanc, Microbanc would pay a commission based

---

[1] The Court is permitted to consider a document not incorporated by reference if the complaint relies heavily upon the terms and effect of the document, rendering it "integral" to the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted). Here, both contracts at issue form the basis of Plaintiffs' causes of action and are also therefore integral to the Complaint.

[2] The Consulting Agreement is not dated: the initial page of the document states that it is "made as of the last date appearing next to execution signature page on the last page of this document", while the final page (which contains the parties' signatures) states that the agreement is "duly executed, as of the day and year first above written." (See Consulting Agreement.) The Complaint alleges, and the Defendants do not contest, that the Consulting Agreement was effective as of May 7, 2008, and the Court accordingly accepts this date for purposes of this motion practice.

on a formula set forth in the Consulting Agreement. (Consulting Agreement ¶ 4; Compl. ¶ 11.)

The Consulting Agreement also contained a clause stating: "No provision of this Agreement may be amended, modified or waived, except in a writing signed by all of the parties hereto." (Consulting Agreement ¶ 10(e).)

The Consulting Agreement expired according to its terms six months after it came into effect, on November 7, 2008. (See Consulting Agreement ¶ 2.) However, Plaintiffs allege that, on or about December 1, 2009, Microbanc and the founder of InspireMD "agreed to extend the Consulting Agreement . . . through May of 2010." (Compl. ¶ 12.) The Complaint does not allege whether this agreement was written or oral, and Plaintiffs have not proffered any further evidence regarding the alleged agreement to extend the Consulting Agreement's term in connection with this motion practice.

On December 16, 2009, Microbanc organized a meeting between InspireMD and Palladium Capital Advisors LLC ("Palladium"). (Compl. ¶ 14.) As a result, in July 2010, March 2011, and April 2012, Palladium arranged multiple rounds of financing for InspireMD, totaling over $24 million. (Compl. ¶¶ 16-20.) Microbanc alleges that it is owed compensation under the Consulting Agreement based on the Palladium financing. (Compl. ¶¶ 21-22.)

In early May 2010, Microbanc arranged a separate $200,000 investment in InspireMD. (Compl. ¶ 23.) InspireMD asked Microbanc to transfer those funds, but allegedly told Microbanc that a new agreement would be necessary to define Microbanc's fee, because the Consulting Agreement was not in effect at that time. (Compl. ¶¶ 26, 28.) Plaintiffs allege that this representation by Microbanc was false when made. (Compl. ¶ 28.) The Complaint alleges that InspireMD told Microbanc that the prior Consulting Agreement was not in effect and a new agreement was required for the investment transaction because InspireMD was preparing to

execute a reverse merger "in a deal in which Microbanc was . . . not the consultant and/or finder." (Compl. ¶ 26.) However, the Complaint alleges, the reverse merger was pursuant to an agreement between InspireMD and Palladium, the firm introduced to InspireMD by Microbanc. (Compl. ¶ 27.)

On May 13, 2010, InspireMD and Spenla executed a Finder Fees Agreement (the "Finders Agreement").[3] (Pressment Decl., Ex. C (Finders Agreement).) The Finders Agreement states that the Finder (a defined term referring solely to Spenla) is entitled to 9% of the amount of any investment from an investor the Finder introduced to InspireMD. (Finders Agreement ¶ 7.) The Finders Agreement also states that the Finder's entitlement to any fee "is subject to the prior written consent of" InspireMD, which must be given "prior" to the Finder "approaching" any potential investor. (Finders Agreement ¶ 3.) The Complaint does not allege that the prior written consent of InspireMD was sought or obtained by Spenla as to any investment. However, the Complaint alleges that, under the Finders Agreement, Microbanc is owed 9% of the financing arranged between InspireMD and Palladium. (Compl. ¶¶ 43-45.)

DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content plead that "allows the court to draw the reasonable

---

[3] The Complaint erroneously states that the Finders Agreement was executed on May 7, 2008, and erroneously states that the Finders Agreement was between InspireMD and Microbanc. (Compare Compl. ¶ 41, with Finders Agreement, at p. 1.)

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Count One: Breach of the Consulting Agreement

The parties agree that New York law applies to all of Plaintiff's common-law claims.  To state a claim for breach of contract under New York law, Plaintiffs must allege: (1) the existence of an agreement, (2) Plaintiffs' performance of their obligations under the agreement; (3) Defendant's nonperformance, and (4) damages.  Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir.1996).  Here, the Consulting Agreement was by its terms in effect for only six months, and provided that it could only be modified by a written instrument.  Plaintiffs allege only that Microbanc and InspireMD "agreed" to extend the Consulting Agreement, without alleging the existence of a signed writing memorializing that agreement, as would have been required by the plain terms of the Consulting Agreement to modify the length of the agreement.  Because Plaintiffs' allegations of breach of the Consulting Agreement relate to events subsequent to the expiration of the stated term of the Consulting Agreement, they do not state a claim for breach of contract, and Count One of the Complaint is dismissed.

Count Two: Breach of the Finders Agreement

Plaintiffs' claim for breach of the Finders Agreement asserts that Plaintiffs are owed fees under the Finders Agreement for the Palladium financing transactions.  Plaintiffs do not, however, allege that the explicit condition precedent for the payment of fees set forth in the Finders Agreement -- the prior written consent of InspireMD to the Finder's approach of an investor -- was met.  Because Plaintiffs fail to allege the satisfaction of this condition precedent to their right to receive payment, Count Two does not state a claim for breach of the Finders

Agreement.  See O'Grady v. BlueCrest Capital Mgmt. LLP, 646 F. App'x 2, 5-6 (2d Cir. 2016) (upholding dismissal of a claim for failure to plausibly allege that a condition precedent has occurred); Cabrera Capital Markets, LLC v. Further Lane Securities, L.P., 2013 WL 5462373, at *4 (S.D.N.Y. Sept. 25, 2013) ("[O]btaining the consent was a condition precedent, 'which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises.'" (quoting IDT Corp. v. Tyco Grp., S.A.R.L., 13 N.Y.3d 209, 214 (2009))).  Accordingly, Count Two of the Complaint is dismissed.

Counts Three and Four: Quantum Meruit and Unjust Enrichment

New York's codification of the Statute of Frauds, N.Y. General Obligations Law Section 5-701(a), provides that "a contract to pay compensation for services rendered in . . . negotiating a loan, or in negotiating the purchase, sale, [or] exchange . . . of a business opportunity, business, . . . or an interest therein" is void "unless it or some note or memorandum thereof be in writing."  Id. § 5-701(a) & (a)(10).  "Negotiating" is defined as including "procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction."  Id. at (a)(10).  The Statute specifically provides that it "shall apply to a contract implied in fact or in law to pay reasonable compensation."  Id.  Plaintiffs' claims, which relate solely to introductions arranged by Microbanc to parties who engaged in financing and investment transactions with InspireMD, are "of precisely the kind the statute of frauds describes."  Snyder v. Bronfman, 13 N.Y.3d 504, 509 (2009) (dismissing quantum meruit and unjust enrichment claims based on "finding and negotiating [a] transaction" because of the application of New York's Statute of Frauds).  Accordingly, Counts Three and Four of the Complaint are dismissed as precluded by the Statute of Frauds.

Count Five: Fraud

Under New York law, the elements of a claim for fraud are: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006). The Complaint identifies Defendants' alleged misrepresentations as "the false pretense that the Consulting Agreement was not in full force and effect at the time of Microbanc's introduction of InspireMD to Palladium and at the time of the Palladium reverse merger and capital and investment in InspireMD" and the concealment of the fact that Palladium was planning to execute a reverse merger with InspireMD. (Compl. ¶¶ 59-60.) As explained above, Plaintiffs have not plausibly alleged that the Consulting Agreement was in effect at the time of the Palladium introduction, meaning that regardless of Defendants' concealment of the Palladium transaction, Plaintiffs cannot establish their entitlement to any damages, as there was no contract in effect upon which a damages claim could be based. If Plaintiffs could establish that the Consulting Agreement was in effect, the fraud claim would be entirely duplicative of a breach of contract claim based on the Consulting Agreement, as Plaintiffs' claimed fraud damages mirror the damages they claim to have been entitled to under the terms of the Consulting Agreement. See, e.g., Ebusinessware, Inc. v. Tech. Servs. Grp. Wealth Mgmt. Solutions, LLC, No. 08 CV 9101, 2009 WL 5179535, at *10 (S.D.N.Y. Dec. 29, 2009) ("Under New York law, a fraud claim that mirrors a breach of contract claim will not ordinarily stand."). Accordingly, Count Five is dismissed.

Request for Leave to Replead

Plaintiffs' opposition to the motion includes a request for leave to replead. The request will be granted to the extent that Plaintiffs will be permitted to make a motion, accompanied by a proposed amended complaint, for leave to replead Counts One and Two.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted, and the Complaint is dismissed. This dismissal is without prejudice to an application for leave to replead Counts One and Two, in a manner consistent with this Memorandum Opinion and Order. Any such motion must be filed by **March 16, 2017**, and be accompanied by a proposed amended complaint, a blackline comparison of the proposed amended complaint and the Complaint, and a memorandum of law. If Plaintiffs do not timely move for leave to amend, or if the motion is denied as futile, the Complaint will be dismissed with prejudice and the case will be closed without further advance notice.

This Memorandum Opinion and Order resolves docket entry no. 8.

SO ORDERED.

Dated: New York, New York
       February 23, 2017

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge